UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON
CRIMINAL ACTION NO. 5:24-CR-71-S-DCR-MAS-2

*ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                                                   PLAINTIFF

V.

FAYION ANTOINETTE HARRIS

### SENTENCING MEMORANDUM AND IN THE ALTERNATIVE MOTION FOR A VARIANCE

Fayion Harris pled guilty to conspiracy to distribute 5 kilograms or more of cocaine and possession with intent to distribute 5 kilograms or more of cocaine. [R. 53.] Ms. Harris accepts responsibility for her actions. She submits the following memorandum for the Court's consideration in determining the appropriate sentence.

**I.     Background**

Ms. Harris is 47 years old. *See* PSR at 2. She was born in Lexington, attended Bryan Station High School but did not graduate, and earned her GED in 1999. *Id*. at ¶¶ 47, 54. She has two grown children. Her son, Marcus, died three years ago. *Id*. at ¶ 51.

Ms. Harris was previously sentenced by this Court for trafficking cocaine. *See* 03-CR-157-JBC. She served thirty months' of imprisonment and completed her supervised release in 2009. *Id*. at ¶ 35. Ms. Harris successfully re-integrated into society, working as a childcare provider, at a manufacturing plant, and at Mayflower Moving Service. *Id*. at ¶ 55.

Ms. Harris alone is responsible for her decision to resume drug trafficking. However, two events were critical to her poor decision: the death of her son, and her romantic relationship with Alejandro Gomez. Ms. Harris has always had substance abuse issues, but lost control after the

1

death of Marcus. She used cocaine, marijuana, and abused alcohol. *Id*. at ¶ 52. Her relationship with Mr. Gomez led to her involvement in the drug trafficking conspiracy. Ms. Harris suffers from Bipolar Disorder, Anxiety, and Depression. *Id*. at ¶ 51.

## II.   The offense conduct

Ms. Harris engaged in a conspiracy to distribute cocaine from November 2023 through September 2024. *See* Plea Agreement, R. 53, ¶ 3. Ms. Harris also admitted that on March 24, 2024, she was stopped in New York by DEA agents. Ms. Harris was transporting approximately 10 kilograms of methamphetamine. *Id*. Ms. Harris' non-binding plea agreement recommended a base offense level of 36. *Id*. at ¶ 5.

## III.  Objections to the Guidelines calculations

Ms. Harris objects to the Probation Office's guidelines calculation. Specifically, the Probation office included 9,916 grams of actual methamphetamine. Because the methamphetamine was 100% pure, this resulted in a converted drug weight of 198,328 kilograms. *See* PSR at ¶¶ 13, 16. Using the conversion ratio for actual methamphetamine results in a base offense level of 38. However, if the conversion rate for a mixture of methamphetamine is used, the base offense level is 36.

Ms. Harris acknowledges her plea agreement is not binding on the Court. Nonetheless, she requests the base offense level contained in her plea agreement be applied, which utilizes a conversion ratio for a mixture of methamphetamine. Should the Court overrule this objection, Ms. Harris will seek a two-level variance from her Guidelines calculation for the reasons set forth below.

IV. **A variance is appropriate**

Assuming the Court overrules Ms. Harris' above objection, she requests a two-level variance from a base offense level of 38 to a level 36. The basis of this objection is the distinction between a mixture of methamphetamine and pure methamphetamine. Ms. Harris seeks to be punished for a mixture of methamphetamine, rather than actual methamphetamine, for two reasons. First, while she knew she was transporting drugs, she did not know she was transporting methamphetamine. Ms. Harris knew Mr. Gomez sold cocaine, and she helped him do so. She did not know he sent her to New York with 10 kilograms of actual methamphetamine. Second, the purity of the methamphetamine does not indicate Ms. Harris had a prominent role in the distribution chain or was close to the source of the drugs. *See* U.S.S.G. Guidelines Manual, § 2D1.1, cmt. 27(c). To the contrary, she did not know who provided the methamphetamine, nor did she arrange for the drug transaction.

Under 18 U.S.C. § 3553(a), a sentencing court must "impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing set forth therein. Here, a two level reduction to Ms. Harris' base offense level of 38 is appropriate because Ms. Harris did not know she was transporting methamphetamine, did not know the purity level of the methamphetamine, and did not know the source of the methamphetamine. A base offense level of 36 is sufficient, but not greater, than necessary to punish Ms. Harris.

V. **Ms. Harris' sentence**

In determining the sentence, the Court must consider the nature of the offense and history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a). Further, the sentence imposed must, among other things, (a) reflect the seriousness of the offense, promote respect for the law and provide just punishment; and (b) afford adequate deterrence to criminal conduct, protect the

public from further crimes of the defendant, and provide the defendant with needed educational, vocational, or medical care. *Id.*

Here, a sentence at the bottom of the advisory Guidelines range, as ultimately calculated by the Court, is appropriate. First, Ms. Harris's history and characteristics support a sentence at the bottom of the advisory range. Ms. Harris suffers from addiction, which she had managed to control until the death of her son. While this tragic event does not excuse her conduct, it provides the context within which Ms. Harris began using drugs again, and ultimately assisted Mr. Gomez in distributing drugs.

The nature and circumstances of the offense counsel for a bottom of the guidelines sentence. Ms. Harris was not the leader or organizer of the drug conspiracy. She began traveling with Mr. Gomez to distribute drugs only because Mr. Gomez desired her romantic companionship. During these trips, Ms. Harris learned Mr. Gomez was distributing drugs, and decided to join the conspiracy. While she is responsible for her actions, she did not initially seek to distribute drugs.

A sentence at the bottom of the advisory range is sufficient to promote respect for the law, impose a just punishment, and reflect the seriousness of the offense.

Finally, the Court also considers Ms. Harris' needed educational, vocational or health needs. Ms. Harris needs treatment for her addiction, and she needs to be under the care of a medical professional to treat her mental health issues.

V.     **Conclusion**

The Court should sentence Ms. Harris at the bottom of the advisory Guideline range. Such a sentence is sufficient, but not greater than necessary, to meet the directive of §3553.

                                                         Respectfully submitted,

>   */s/Andrew L. Sparks*
>   Andrew L. Sparks (Bar No. 88566)
>   Dickinson Wright PLLC
>   300 West Vine Street, Suite 1700
>   Lexington, Kentucky  40507
>   Telephone:  (859)899-8734
>   Email:  asparks@dickinsonwright.com
>   COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2025, I filed the foregoing under seal with the Clerk of the Court and emailed all counsel of record.

>   */s/ Andrew L. Sparks*

4905-2767-9820 v1 [112908-1]

5