UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 24-071-DCR |
| V. | ) ) | |
| JOSE LUIS TALAVERA-LEON, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of the United States' motion to revoke the pre-trial release order entered by United States Magistrate Judge Jill L. Burkhardt. [Record No. 88] A hearing on that motion was held July 21, 2025. However, during the hearing, the defendant waived opposition to the motion, indicating he does not oppose the revocation of the magistrate judge's order and his resulting pre-trial detention. Notwithstanding the defendant's waiver, the government's motion will be granted because the relevant statutory factors weigh in favor of pretrial detention.

**I.**

On October 17, 2024, Defendant Jose Talavera-Leon was indicted in this District for conspiring to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count 1), two counts of possessing with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 2 and 3), and money laundering in violation of 18 U.S.C. § 1956(a)(1)A(i) and (a)(1)(B)(i) (Count 4). [Record No. 2 (Superseding

- 1 -

Indictment)] The defendant was arrested on that warrant at the Mexican border near San Diego, California, on June 20, 2025. [Record No. 88]

Magistrate Judge Burkhardt held a detention hearing on June 26, 2025, in the Southern District of California. The United States requested pretrial detention and transport of the defendant to this District pursuant to 18 U.S.C. § 3142(f)(2)(A). That request was premised on Talavera-Leon's serious risk of flight; however, Magistrate Judge Burkhardt ordered the defendant to be released with minimal conditions. The government then requested a stay of the release order which the Magistrate Judge granted for one day. This Court then temporarily stayed release and scheduled a hearing for July 21, 2025, to review the Magistrate Judge's order. [Record No. 89]

## II.

The government presented evidence that, for several years, the defendant has periodically crossed the United States-Mexico border. Further, in May 2023, Homeland Security agents seized $50,000 in cash from the defendant, however, it appears that no charges were brought in connection with the seizure. Finally, the government presented evidence of sixteen kilograms of cocaine hidden in vehicle batteries being seized from Defendant Talavera-Leon following an exchange with a co-defendant in Cincinnati, Ohio. Agents determined that Talavera-Leon was driving a vehicle which had been rented from the Chicago O'Hare airport. But when questioned, the defendant indicated he was in Cincinnati to visit a friend whom he could not identify.

## III.

A defendant may be detained pending trial when a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as

required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The default position is that a defendant should be released pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). If a defendant is ordered released by a magistrate judge, "an attorney for the government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release" pursuant to 18 U.S.C. § 3145(a)(1).

When such a motion is filed, the district court judge reviews the magistrate judge's decision *de novo*. *See United States v. Yamini*, 91 F. Supp. 2d 1125, 1128-29 (S.D. Ohio 2000); *United States v. Neal*, 2019 WL 5597297, at *1 (W.D. Ky. Oct. 30, 2019). The government bears the burden of proving that no release condition can ensure the defendant's appearance in court or ensure the safety of the community. *Stone*, 608 F.3d at 945. A court's finding of dangerousness must be "supported by clear and convincing evidence." *Id.* (citation modified). But "detention premised on nonappearance requires *preponderant evidence* that no conditions can reasonably assure the defendant's future appearance." *United States v. Cobix-Espinoza*, 655 F. Supp. 3d 584, 595 (E.D. Ky. 2023) (citation modified).

The court considers the following when determining whether a defendant's pretrial release is appropriate:

> (1) the nature and circumstances of the offense charged, including whether the offense [involves] a controlled substance . . .;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing,

>> appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The United States argues that these factors weigh in favor of detention. [Record No. 88] More specifically, it contends that the offense charged is serious and involves large-scale, multi-state drug trafficking; the evidence of Talavera-Leon's guilt is substantial because his co-defendants already pled to the crimes for which he is charged (making him a serious flight risk); his history and characteristics include past travels across state lines, out-of-country travel, and he poses a danger to the community if he is released and allowed to continue the illegal activity for which he is charged.

First, the nature and circumstances of the offense weigh in favor of revoking the order to release Talavera-Leon on bond conditions. 18 U.S.C. §3142(g)(1). The superseding indictment stems from a multi-agency investigation into a drug trafficking and money laundering organization, and the government asserts that Talavera-Leon 's primary role was to travel across the United States to collect large quantities of cocaine and deliver it to various locations for distribution. Next, the weight of the evidence against the defendant is substantial, which provides a significant incentive for him to flee or fail to appear in this district. *United States v. Palmer-Contreras*, 835 F.2d 15, 18 (1st Cir. 1987). Here, law enforcement seized both a large quantity of cocaine and a significant amount of cash from the defendant, and facts regarding the former seizure were admitted by co-Defendants Gomez and Fayion Harris. [Record No. 53 at 3(d)]

In addition to being a flight risk, the government contends that the defendant poses a danger to the community based on the conduct charged. The concept of "dangerousness" encompasses not only the effect of a defendant's release on the safety of identifiable individuals such as victims and witnesses, but also "the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Millan*, 4 F.3d 1038, 1048 (2d Cir. 1993). The charged offenses involve moving large quantities of drugs throughout the United States. Evidence was presented that Co-Defendant Gomez obtained cocaine in Southern Texas and then traveled to Ohio to meet Talavera-Leon who traveled from California to Chicago, to Cincinnati to receive the drugs. The influx of drugs has devastated and continued to devastate communities and places them at greater risk of secondary harms stemming from this illegal activity. There remains a significant danger that the defendant will continue this criminal activity if released.

In summary, in addition to the statutory presumption of detention, the factors outlined in 18 U.S.C. § 3142(g) caution against the defendant's pretrial release. At the minimum, the United States has met its burden to show that the defendant presents a serious flight risk, and that there are no conditions that will reasonably assure his future appearance. In addition, the government has met its higher burden by presenting substantial evidence indicating that the defendant poses a significant danger to the community. Accordingly, it is hereby

**ORDERED** that the United States' motion for revocation of the release order [Record No. 88] is **GRANTED**. Defendant Talavera-Leon is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Talavera-Leon must be afforded a reasonable opportunity for

private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Talavera-Leon to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 22, 2025.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky